UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO: 8:16-cr-153-CEH-AEP

ANIBAL ANGULO ANGULO
_____/

**ORDER**

This matter comes before the Court on Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 127). In the motion, Defendant requests a reduction in his sentence to time served because he has been denied earned time credits to which he claims he is entitled. The Government filed a response in opposition. Doc. 129. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Reduction in Sentence.

**DISCUSSION**

On June 21, 2016, Defendant, Anibal Angulo Angulo ("Defendant") pleaded guilty in open court to Counts One and Two of the Indictment charging him with conspiracy to possess with intent to distribute, and aiding and abetting the possession with intent to distribute, five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. Docs. 1, 45, 65. On September 14, 2016, this Court sentenced Defendant to 108 months' imprisonment as to Counts One and Two, with such terms to run concurrently, and a term of five years of supervised

release. Doc. 86. Defendant, who is 34 years old, is incarcerated at Ray Brook FCI[1] with an expected release date of December 13, 2023. *See* https://www.bop.gov/inmateloc/ (last accessed October 31, 2023).

On February 22, 2023, Defendant, proceeding *pro se*, filed a motion seeking to reduce his term of imprisonment based on an application of earned time credits to which he claims he is entitled. Doc. 127. Specifically, Defendant complains he has been deemed ineligible to benefit from earned time credits because he is subject to an immigration detainer. If he had received the time credits to which he is entitled, he would already be back in his home country of Columbia and would not have to continue to endure COVID lockdowns being implemented by the Bureau of Prisons. He argues these circumstances constitute an extraordinary and compelling reason justifying his early release from prison under 18 U.S.C. § 3582(c)(1)(A)(i).

In response, the Government submits that the Bureau of Prisons is responsible for computing an inmate's sentence, and thus, Defendant must first pursue his request at the administrative level, which Defendant failed to do. Consequently, Defendant has failed to exhaust his administrative remedies, warranting denial of Defendant's motion. Next, the Government argues that because Defendant has an Order of Removal entered against him, FSA time credits are not available. Finally, the

---

[1] Review of the docket reveals that Defendant was previously incarcerated at FCI Berlin in Berlin, New Hampshire. As the BOP's website reflects that Defendant is currently incarcerated at FCI Ray Brook, *see* https://www.bop.gov/inmateloc/, the Clerk will be directed to update the Defendant's address on the docket accordingly.

Government urges that this Court is without jurisdiction to consider Defendant's request in any event because he is not located in the Middle District of Florida.

To the extent that Defendant seeks relief under § 3582(c)(1)(A), his motion fails. As the Government points out, a defendant is required to exhaust his administrative remedies before seeking relief from the Court under 18 U.S.C. § 3582(c)(1)(A). On the record before the Court, it is apparent Defendant has not satisfied administrative exhaustion and thus the motion is due to be denied.

Defendant argues that a reduction in his sentence is warranted because he is not a United States citizen and therefore is ineligible for certain relief that is available to citizens, such as "time credits" under the First Step Act. However, the "granting of credit for time served 'is in the first instance an administrative, not a judicial, function.' A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989)); *see also United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (holding the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing). A challenge to the denial of earned time credits goes to the execution of a defendant's sentence and thus the appropriate procedure to challenge a denial of his time credits is by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (prisoner's claim that the U.S. Parole Commission wrongly denied him certain credits toward his sentence concerned the execution of the sentence, for

which a § 2241 habeas petition was the appropriate vehicle); *see also, e.g., U.S. v. Eck*, 3:16-cr-102-MMH-MCR, 2022 WL 911732, *4 (M.D. Fla. March 29, 2022) (denying compassionate release motion based, in part, on argument that defendant was being denied earned time credits under the First Step Act, because such a claim must be brought via § 2241 petition in the district in which defendant is incarcerated). "A [§ 2241] petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration." *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985). Defendant is incarcerated at Federal Correctional Institution Ray Brook, in Ray Brook, New York. If he wishes to challenge the denial of earned time credits, he must file a habeas petition in the Northern District of New York after exhausting his administrative remedies. Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Reduction in Sentence (Doc. 127) is **DENIED**.

2. The Clerk is directed to mail a copy of this Order to Defendant at FCI Ray Brook, Post Office Box 900, Ray Brook, New York 12977, and to update the docket accordingly with Defendant's current address.

**DONE AND ORDERED** in Tampa, Florida on October 31, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any